UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

IN RE:

MACTANZ, INC.,

      Debtor(s).

Chapter 11
Case No. 18-71255

## <u>MEMORANDUM OF LAW IN SUPPORT OF CONSENSUAL THIRD PARTY RELEASE, PROVSIONS OF THE CHAPTER 11 PLAN OF MACTANZ, INC. AND RESPONSE TO OBJECTIONS THERETO</u>

Mactanz. Inc. ("Mactanz" or "Debtor") by counsel, submits this Memorandum of Law in support of confirmation of the consensual third party release provision (the "Third Party Release Provision"), contained in its *Chapter 11 Plan of Reorganization*.

### <u>PELIMINARY STATEMENT</u>

The Third Party Release Provision is contained in the Plan. The Plan provides a consensual "opt out" mechanism for the Third Party Release Provision. Specifically, as set forth in the Debtor's Plan, each holder of an Impaired Claim, regardless of whether such holder votes to accept or reject the Plan or does not vote at all, may elect to opt out of the Third Party Releases. Among other reasons detailed below that justify the consensual third party releases in these circumstances, the Released Parties (Robert Rotanz and Joseph Dishaw) have provided substantial contributions to the Chapter 11 Case and the Debtor's restructuring, without which a successful restructuring would not be possible. Further, as demonstrated below, the Debtor's consensual third party release opt out provision is consistent with case law within the Fourth Circuit, including within Virginia. Specifically, a similar provision was recently approved by Judge Phillips in the Patriot Coal bankruptcy case. *See In re Patriot Coal Corp.,* No. 15-32450-KLP, and by this Court, *See In re Xinergy Ltd et al,* No. 15-70444 (Bankr. W.D.Va)

MAGEE GOLDSTEIN
LASKY & SAYERS, PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

**BACKGROUND**

1.    Pursuant to an Order dated January 22, 2019, the Court entered its *Order Conditionally Approving the Disclosure Statement: fixing the last day to file objections to the Disclosure Statement and the Plan; approving form of ballot; fixing last day to file acceptances and rejections of the Plan; and setting a combined hearing on final approval of the Disclosure Statement and Confirmation of the Plan (the "Disclosure Statement Order").*

2.    On February 25, 2019, the United States Trustee filed its objection to the Debtor's Plan, objecting to the "opt out" nature of the Third Party Releases.

**ARGUMENT**

A.    **The Plan's Consensual Third Party Release is Justified Under the Facts of This Chapter 11 Case**

3.    The United States Court of Appeals for the Fourth Circuit has adopted a set of factors to consider when a plan includes a non-consensual release. *See Behrmann v. National heritage Foundation,* 663 F.3d 704, 712-13 (4th Cir. 2011) (citing *Class Five Nevada Claimants v. Dow Corning Corp. (In re Dow Corning Corp.),* 280 F.3d 648, 658 (6th Cir. 2002)). Although the Debtor respectfully submits that the factors set forth in the *Dow Corning* and *Behrmann* decisions are not strictly applicable to a bankruptcy court's approval of a consensual third party release, as discussed in greater detail below, a number of justifications for approving the consensual Third Party Releases would satisfy most, if not all, of the *Behrmann* factors.

4.    For example, the Debtor is required to indemnify its principals, who are beneficiaries of the Third Party Releases, for liability and expenses incurred for certain claims. Thus, a suit against the Debtor's principals "is, in essence, a suit against the debtor because it will deplete assets of the estate." *Behrmann,* 663 F.3d at 711-712.

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

5.      The Debtor's principals, Robert Rotanz and Joe Dishaw, who benefit from the Consensual Third Party Releases, have made substantial contributions to this Chapter 11 case by providing continued crucial management for the Debtor, funding legal fees and U.S. Trustee fees through their GoFundMe funds, and perhaps most importantly, funding the distributions to all of the impaired classes claims from their own personal funds. The amount that they are funding from their personal funds is well in excess of the "Chapter 7 Analysis" amount otherwise necessary to confirm the Debtor's Plan.

6.      Further, the Debtor has received overwhelming support for the Plan from the parties who are impacted by the Consensual Third Party Releases. Of the 51 Class 2 creditors who voted on the Plan, all 51 voted in favor of the Plan and none voted to opt out of the Third Party Releases. Of the 77 Class 5 creditors who voted on the Plan, 76 voted in favor and did not opt out of the Third Party Releases. Only one creditor, the plaintiff in the pre-petition lawsuit that caused the filing of the case, voted to reject the Plan and to opt out of the releases.

7.      The Debtor's plan provides a mechanism to pay all of the classes affected by the releases. It also provides a mechanism, the opt out provision, for those creditors who choose not to be impacted by the releases.

**B.      The Plan's Consensual Third Party Release is Consistent with Legal Precedent in the Fourth Circuit.**

8.      As mentioned above, the *Dow Corning* and *Behrmann* factors are not applicable when the third-party release provision included in a plan is consensual. *See In re Neogenix Oncology, Inc.* 508 B.R. 345, 361 (Bankr. D. Md. 2014) ("It is well recognized that, where the application of the *Dow Corning* or other applicable factors leads to the conclusion that the third party releases should not be approved, the court can nevertheless approve the releases with the consent of the releasing parties.") Therefore, as the Third Party Release Provision in the

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

Debtor's Plan is consensual, precedent from both the Eastern and Western Districts of Virginia and other jurisdictions supports the conclusion that the *Dow Corning* factors do not apply.

9. While the Fourth Circuit has not directly held that consensual third party releases are *per se* permissible, several of its opinions strongly suggest that, if the court were to consider the issue, it would approve consensual third party releases without applying the *Dow Corning* factors.

10. Furthermore, in *National Heritage Foundation, Inc. v. Highbourne Foundation,* the Fourth Circuit cited favorably to the Seventh Circuit's decision in *In re Specialty Equipment Cos.,* 3 F.3d 1043 (7th Cir. 1991). See *National Heritage Found, Inc. v. Highbourne Foundation, Inc.,* 760 F.3d 344, 350 (4th Cir. 2014). In *Specialty Equipment,* the Seventh Circuit approved a consensual release, holding that the third party release at issue was acceptable because "each creditor could choose to grant, or not to grant, the release irrespective of the vote of the class of creditors or interest holders of which he or she is a member." *Specialty Equip.,* 3 F.3d at 1047.

11. The examples cited above demonstrate that, on multiple occasions, the Fourth Circuit has either announced principles, or cited to case law, supporting the proposition that the bankruptcy court should honor a creditor's voluntary decision to release its claim.

12. Under the Debtor's Plan, the Ballots provide a mechanism whereby creditors in Classes 2 and 5, even if they choose to abstain from voting, are given the option to affirmatively opt out of the consensual Third Party Release Provision. Courts outside the Fourth Circuit have regularly approved similar mechanisms so long as the voting creditor receives adequate notice of the release on the ballot. *See, e.g., In re Genco Shipping & Trading Ltd.,* 513 B.R. 233, 271 (Bankr. S.D.N.Y. 2014) (approving the debtor's releases with respect to "those parties who voted in favor of the Plan and those who voted to reject the Plan but failed to opt out

MAGEE GOLDSTEIN
LASKY & SAYERS₁₂
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

4

from granting the release provisions"); *In re Indianapolis Downs, LLC,* 486 B.R. 286, 306-06 (Bankr. D. Del. 2013) (approving third party releases under a plan where the "impaired creditors who abstained from voting on the Plan, or who voted to reject the Plan and did not otherwise opt out of the releases, [and] the record reflects these parties were provided detailed instructions on how to opt out, and had the opportunity to do so by marking their ballots."); *In re Natural Prods. Grp. LLC,* Case No. 10-10239, 2010 WL 2745983, at *6 (Bankr. D. Del. Feb. 22, 2010) (approving third party release where "each holder of an impaired Claim against the Debtors was also given the opportunity to "opt out' of such releases by making a timely written election by the Objection Deadline"); *In re DBSD North America, Inc.,* 419 B.R. 179, 218 (Bankr. S.D.N.Y. 2009) (holding that creditors who abstained from voting and failed to opt out were deemed to have consented to the third party releases because the ballot contained, in bold font, notice of the release provisions and an opportunity to opt out), *judgment aff'd in part and reversed in part, on other grounds,* 627 F.3d 496 (2d Cir. 2010); *In re Calpine Corp.,* No. 2007 WL 4565223, at *10 (Bankr. S.D.N.Y. Dec., 19, 2007) ("Thus, those Holders of Claims and Interests voting to accept the Plan or abstaining from voting and choosing not to opt out of the releases were given due and adequate notice that they would be granting the releases by acting in such a manner."); *In re Conseco,* 301 B.R. 525, 528 (Bankr. N.D. Ill. 2003) (holding that a release provision that bound those who agreed to be bound, either by voting or abstaining and not opting out of the release was consensual.)

13. Recent precedent within Virginia also supports confirmation of the Debtor's Third Party Release Provision. In *In re Patriot Coal Corp.* and in *In Re Xinergy Ltd.,* the United States Bankruptcy Court for the Eastern District of Virginia and Western District of Virginia, respectively, confirmed plans with opt out provisions similar to the one included in the Debtor's

MAGEE GOLDSTEIN
LASKY & SAYERS P.C.
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

Plan. Judge Phillips and Judge Black respectively approved this provision over objections by the United States Trustee. Here, the Debtors have allowed creditors to vote for the Plan and still opt out of the release if they elect to do so, thus providing an appropriate option to creditors in expressing their consent for the release. The *Patriot* and *Xinergy* decisions support the validity of the Debtor's Third Party Release Provision.

14.    In situations where a plan proposes a consensual release, courts have focused not on the propriety of the release itself, but instead on whether the release is sufficiently highlighted in the disclosure statement, ballot and plan. When the release is properly disclosed, courts have approved such releases on a consensual basis. In this case, the Debtor, by its counsel, worked with and sought input from the U.S. Trustee, by its counsel, to include language in the Disclosure Statement, Plan and ballot to adequately disclose to the impaired creditors the existence and mechanism of the Third Party Releases, and their right to opt out.

15.    The provisions concerning the Third Party Release in the Debtor's Plan are set out clearly in both the Plan and Disclosure Statement. Additionally, the ballot sets out the opt out provision clearly and provides voting creditors with clear instructions if they choose to opt out of the Third Party Release Provision. Therefore, the Debtor submits that adequate notice of the Third Party Release has been provided in the Plan, Disclosure Statement and ballot.

**C.    The Objection of the United States Trustee Should be Overruled.**

16.    The United Stated Trustee has objected to the Consensual Third Party Releases, arguing that the Debtors have not yet demonstrated that the factors set forth in *Behrmann* have been satisfied. As set forth above, the Debtor respectfully submits that although it is unnecessary to satisfy the *Behrmann* factors because the releases are consensual, its plan in fact satisfies the *Behrmann* factors.

MAGEE GOLDSTEIN
LASKY & SAYERS, P.C.
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

6

17.     The United States Trustee also objects on the grounds that the procedure for opting out of the Consensual Third Party Releases is insufficient to demonstrate consent. As discussed above, the Debtors have conspicuously highlighted the Consensual Third Party Release and opt out procedure in each of the Disclosure Statement, the Ballot and the Plan itself. One creditor that returned a ballot elected to opt out of the Third Party Releases, which indicates that the opt out procedure employed by the Debtors was successful in conveying to creditors that they had the right to opt out of the Consensual Third Party Releases. Importantly, no party that is actually subject to the Consensual Third Party Releases has objected to the Plan.

## **CONCLUSION AND RESERVATION OF RIGHTS**

18.     In sum, the Debtor respectfully submits that the Court should find that the Third Party Releases satisfy all of the requirements set forth by applicable law and should be confirmed along with all other provisions of the Debtor's Plan.

19.     The Debtor expressly reserves its right to amend, modify, or supplement this Memorandum of Law and to raise any additional arguments and present additional evidence at the Confirmation Hearing or any subsequent hearing concerning the Debtor's Plan.

Date: February 27, 2019                    Respectfully submitted,

                                           MACTANZ, INC.

By: /s/ Andrew S. Goldstein
MAGEE GOLDSTEIN LASKY & SAYERS, P.C.
Andrew S. Goldstein, Esq. (VSB #28421)
Post Office Box 404
Roanoke, Virginia 24003-0404
Telephone: (540) 343-9800
Facsimile: (540) 343-9898
Electronic Mail: agoldstein@mglspc.com
*Counsel for the Debtor*

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

7